

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00099-CR

_____

LADONNA LYNN WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Cass County, Texas
Trial Court No. CCLM140135

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Ladonna Lynn Williams has filed an untimely notice of appeal from a conviction by a Cass County jury of driving while intoxicated, second offense.[1] We dismiss the appeal for want of jurisdiction.

The judgment of conviction in this matter indicates that Williams' sentence was imposed April 20, 2016, and that her notice of appeal was filed in the trial court May 23, 2016, thirty-three days after imposition of sentence. There is nothing in the appellate record to indicate that Williams filed a motion for new trial. In the absence of a timely filed motion for new trial, Williams was required to file her notice of appeal within thirty days of the date sentence was imposed, that is, on or before May 20, 2016, to perfect such appeal. *See* TEX. R. APP. P. 26.2(a)(1). The notice of appeal, therefore, was untimely.

Rule 26.3 of the Texas Rules of Appellate Procedure establishes the procedure for obtaining an extension of time in which to file a notice of appeal. Under Rule 26.3, an appellate court has the discretion to grant an extension of time in a criminal matter if, and only if, within fifteen days after the deadline for filing the notice of appeal, the appellant (1) files the notice of appeal in the trial court and (2) files a motion seeking an extension of time in the appellate court. While Williams satisfied the first requirement, she failed to satisfy the second, and the Texas Court of Criminal Appeals has expressly held that the failure to timely file a motion for extension of time under such circumstances deprives this Court of jurisdiction. *See Olivo v. State*, 918 S.W.2d 519,

---

[1] *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(a) (West Supp. 2015).

2

522–23 (Tex. Crim. App. 1996); *see also Slaton v. State*, 981 S.W.2d 208, 209 n.3 (Tex. Crim. App. 1998).

We notified Williams by letter dated June 27, 2016, that her notice of appeal appeared to be untimely and that the appeal was subject to dismissal for want of jurisdiction. We gave Williams ten days to respond to our letter and to demonstrate how we have jurisdiction over her appeal. Williams' late response did not establish jurisdiction.

Because Williams has not timely perfected her appeal, we dismiss the appeal for want of jurisdiction.


Josh R. Morriss, III
Chief Justice


Date Submitted:     July 14, 2016
Date Decided:       July 15, 2016

Do Not Publish

3